# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MURRELL GRIFFIN, | |
| Plaintiff, | No. C18-0111-LTS |
| vs. | **ORDER** |
| MATT LOUVAR and JIM MCKINNEY, | |
| Defendants. | |

_____

## I. INTRODUCTION

This case is before me on a motion for summary judgment filed by defendants Matt Louvar and Jim McKinney. Doc. No. 10. The motion is fully submitted and oral argument is not necessary. *See* Local Rule 7(c).

## II. PROCEDURAL HISTORY

On October 24, 2018, plaintiff Murrell Griffin filed a pro se 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis. Doc. No. 1, 1-1. On September 4, 2019, I conducted an initial review of Griffin's complaint, allowed it to proceed and directed the Clerk's office serve the complaint. Doc. No. 3. Defendants filed an answer on October 16, 2019. Doc. No. 7. On October 18, 2019, the Clerk's office filed the standard briefing schedule. Doc. No. 8. Defendants then filed their motion for summary judgment. Griffin did not respond to the motion for summary judgment, nor has he taken any action related to this case since September 17, 2019.

## III. RELEVANT FACTS

In his complaint, Griffin, who was an inmate at the time he filed the case, alleges correctional officers at Anamosa State Penitentiary were upset that he refused a medical injection on February 20, 2018. Griffin states that:

> I was in restraints in an observation cell . . . [Defendant Louvar] had his hand in my face briefly attempting to control my head movements. This was unnecessary as I was calm. He then forced the thumb of his hand into my mouth forcefully hooking my cheek and pulling. He then [] close fist punched me in the face, striking me in my mouth.

Doc. No. 4 at 4. Griffin alleged that those actions amounted to excessive force.

As noted above, Griffin failed to respond to defendants' motion for summary judgment. Thus, he has not addressed defendants' statement of material undisputed facts. "[A] failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." *See* Local Rule 56(b); *see also* Fed. R. Civ. P. 56(e). Therefore, I will treat as admitted all of the facts set forth in defendants' statement. Doc. No. 10-2.

Defendant Jim McKinney is the warden of the Anamosa State Penitentiary while defendant Matt Louvar is a correctional officer at that facility. Defendants did not provide facts regarding the alleged assault on February 20, 2018. Rather, defendants' motion for summary judgment is premised on Griffin's alleged procedural failures, specifically that he failed to exhaust his administrative remedies. They also argue that even if Griffin did exhaust his claims, they are *Heck* barred because the February 20, 2018, incident was the subject of a prison disciplinary report in which Griffin was accused and convicted of several prison infractions.

Anamosa State Penitentiary follows the Iowa Department of Correction's standard grievance procedure. That procedure involves a four-step process, whereby an inmate must: (1) informally attempt to resolve a dispute; (2) file a grievance; (3) appeal an unfavorable result to the warden; and (4) appeal a further unfavorable result to the

2

central/regional IDOC office. Doc. No. 10-3 at 27. There is a 30-day statute of limitations on filing a grievance. *Id*. at 29.

While at Anamosa, Griffin filed three grievances. The first is not relevant to this case. The second had to do with the events of February 20, 2018. Specifically, Griffin filed a timely grievance stating that on February 20, 2018, he attempted to talk to a correctional officer during a lock down, the officer perceived Griffin's statements as a threat, and Griffin was then "physically and verbally assaulted by officer Fisher." Doc. No. 10-3 at 43. That grievance was denied because it was the subject of the then-ongoing disciplinary process. *Id*. at 41. On October 18, 2018, Griffin filed a grievance regarding the exact issues underlying his complaint in this case. *Id*. at 45. That grievance was denied because it was filed after the 30-day statute of limitations had expired. *Id*. at 44. There is no indication Griffin appealed the outcome of either grievance.

Griffin was issued two disciplinary reports as a result of his actions on February 20, 2018. Doc. No. 10-3 at 49, 52. He was accused of, among other things, disobeying lawful orders and being verbally abusive. *Id*. An administrative law judge found Griffin guilty of both reports and sanctioned him. *Id*. at 50, 53. Those reports were processed according to the standard procedure and neither case has been invalidated. *Id*. at 46-47.

### IV. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical"

3

under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.*

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light

4

most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

## V. ANALYSIS

As noted above, defendants argue that Griffin failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner may not pursue a § 1983 claim in federal court before exhausting all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to suit even when the prisoner seeks relief that is unavailable through the grievance system such as for excessive force. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Proper exhaustion under the PLRA requires not only the pursuance of all available remedies, but also compliance with individual prisons' grievance procedures to whatever level of detail they may require. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Griffin filed two grievances regarding incidents that occurred on February 20, 2018. The first, which was timely filed, alleged Griffin was assaulted. However, Griffin alleged he was assaulted by a correctional officer other than the defendants in this case. Thus, that grievance related to a claim other than the claim raised in the complaint in this case and cannot be the basis for a finding that Griffin exhausted this claim. *See Muhammad v. Mayfield*, 933 F.3d 993 (8th Cir. 2019) (finding that a plaintiff failed to exhaust his administrative remedies when his grievances raised issues similar to but different than those raised in his federal complaint).

Griffin's second grievance includes a claim that matches the allegations in this case, specifically that on February 20, 2018, Griffin was assaulted by defendant Louvar. However, that grievance was untimely. It cannot form the basis for a finding that Griffin exhausted his administrative remedies because the PLRA exhaustion requirement requires

5

"proper exhaustion," which includes a requirement that prisoners comply with any time limitations. *See Woodford v. Ngo*, 548 U.S. 81, 90-96 (2006) (the PLRA requires "proper exhaustion" and "proper exhaustion" includes the applicable time limits). Moreover, there is no indication that Griffin appealed the denial. As such, even if that grievance was not procedurally defaulted because it was untimely, it still would not constitute a complete exhaustion of the prison's grievance process because the grievance process, as explained above, includes two appellate steps. Because Griffin did not appeal the denial, he did not exhaust the available administrative remedies.

Based on the foregoing, Griffin's claim is barred by 42 U.S.C. § 1997e(a) and this case must be dismissed. Because Griffin clearly failed to exhaust his administrative remedies, I need not reach defendants' alternative argument that Griffin's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## VI. CONCLUSION

For the reasons set forth herein, defendants' motion for summary judgment (Doc. No. 10) is **granted** and this case is **dismissed**. Because this dismissal is based on Griffin's failure to exhaust administrative remedies, it is without prejudice. Judgment shall enter against Griffin and in favor of the defendants and the Clerk's office shall **close this case**.

**IT IS SO ORDERED.**
**DATED** this 29th day of September, 2020.

_____
Leonard T. Strand, Chief Judge